UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROBERT P. RUSSELL, | : | CIVIL NO: 1:12-CV-02484 |
|---|---|---|
| Petitioner | : | |
| | : | (Judge Jones) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| RONNIE HOLT, | : | |
| | : | |
| Respondent | : | |
| | : | |

# **REPORT AND RECOMMENDATION**

## **I. Introduction.**

In this 28 U.S.C. § 2241 habeas corpus petition, the petitioner, Robert P. Russell, is challenging his criminal sentence. Because he may not challenge his sentence by way of a § 2241 habeas petition, we recommend that the petition be dismissed.

## **II. Background and Procedural History.**

In 1991, a jury in the United States District Court for the Eastern District of Virginia found Russell guilty of the first-degree murder of his wife, and the court sentenced him to life imprisonment. *United States v. Russell*, 971 F.2d 1098, 1100-1101 (4th Cir. 1992). The United States Court of Appeals for the Fourth Circuit affirmed the conviction. *Id.* at 1113. The United States Supreme Court

subsequently denied Russell's request for a writ of certiorari. *United States v. Russell*, 506 U.S. 1066 (1993).

Russell then filed a motion for a new trial pursuant to Fed.R.Crim.P. 33 based on newly discovered evidence or, in the alternative, a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. *See Russell v. Pugh,* 143 F.App'x. 408, 409 (3d Cir. 2005)(setting forth procedural history in connection with appeal of a denial of a 28 U.S.C. § 2241 habeas petition). The United States District Court for the Eastern District of Virginia denied Russell's motion as well as a subsequently filed request for relief under Fed.R.Civ.P. 60(b). *Id.* The United States Court of Appeals of the Fourth Circuit affirmed, *United States v. Russell,* 45 F.3d 428 (4th Cir. 1995), and the Supreme Court denied Russell's petition for a writ of certiorari. *Russell v. United States,* 514 U.S. 1089 (1995).

In 2001, Russell filed a motion for leave to file a second or successive § 2255 motion, which the United States Court of Appeals for the Fourth Circuit denied. *See Russell v. Pugh,* 143 F.App'x. 408, 409 (3d Cir. 2005). Russell then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court challenging his conviction. *See Russell v. Pugh,* 4:03-CV-01602 (M.D.Pa.). He raised "the following claims: 1) the government denied him a fair trial by withholding exculpatory evidence; 2) he did not receive a fair trial due to a pattern of government misconduct; 3) he was denied his Sixth Amendment right to

effective assistance of counsel; and 4) the continued incarceration of an innocent person constitutes cruel and unusual punishment and violates the Eighth Amendment of the United States Constitution." *Russell v. Pugh*, 143 F. App'x 408, 409 (3d Cir. 2005). He argued that his claim of actual innocence allowed him to bypass the due diligence provision for authorization to file a second or successive § 2255 motion and proceed with a § 2241 habeas corpus petition under the § 2255's saving clause. *Id.* The court dismissed Russell's § 2241 habeas petition and denied his motion for reconsideration and his motion for relief from judgment pursuant to Fed.R.Civ.P. 60. *Id.* Russell appealed, and in July of 2005, the United States Court of Appeals for the Third Circuit affirmed the district court's orders. *Id.* at 410. Agreeing with the district court that Russell had not demonstrated that § 2255 was inadequate or ineffective in his case, the Third Circuit reasoned:

> A § 2255 motion is, of course, the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir.2002); 28 U.S.C. § 2255. As the Magistrate Judge correctly concluded, § 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion under AEDPA. *Id.* at 120-21; *Cradle,* 290 F.3d at 538-39. Russell's reliance on a claim of actual innocence or an alleged Eighth Amendment violation to circumvent the gatekeeping provisions of § 2255 is unavailing, and amounts to little more than an end run around the Fourth Circuit Court of Appeals' decision denying his application for authorization to file a second § 2255 motion based on claims of newly discovered

3

> evidence, which was filed nearly two years after final resolution of the FOIA litigation that uncovered such evidence.
>
> We agree with appellee's contention that Russell's Eighth Amendment claim is merely a restatement of the substance of his § 2255 claims under a different heading. Because Russell had a reasonable opportunity to raise his claims, including his "actual innocence" claim, in a § 2255 motion before the District Court and the Fourth Circuit Court of Appeals, and because his claims are not based on an intervening interpretation of the statutory provisions under which he was convicted, he may not now seek relief through the filing of a § 2241 petition. As for any claims of newly discovered evidence which have surfaced since the denial of Russell's last application for authorization to file a second or successive motion, they should, of course, be presented to the Fourth Circuit Court of Appeals in a new application, together with his arguments that he has exercised due diligence in bringing them.

*Id.* The United States Supreme Court later denied Russell's petition for a writ of certiorari. *Russell v. Williamson,* 546 U.S. 1122 (2006).

In the meantime, in November of 2004, Russell filed a second motion under 28 U.S.C. § 2244 for leave to file a second or successive § 2255 motion, and the Fourth Circuit denied that motion. *See Docket In re Robert Peter Russell*, 04-326 (4th Cir.). Then, in November of 2005, Russell filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court challenging his conviction *See Russell v. Williamson,* 4:05-CV-02294 (M.D.Pa.). The court dismissed that petition and denied Russell's motion for reconsideration. *Id. at docs. 10 & 16.* In October of 2006, the United States Court of Appeals for the Third Circuit dismissed as frivolous Russell's appeal of the district court's orders. *Russell v. Williamson,* 198 F. App'x. 164 (3d Cir. 2006). The United States Supreme Court

later denied a petition for writ of certiorari. *Russell v. Williamson,* 549 U.S. 1084 (2006).

In September of 2007, Russell filed a third motion with the Fourth Circuit for leave to file a second or successive § 2255 motion, which the Fourth Circuit denied. *See Docket In re Robert Peter Russell*, 07-261 (4th Cir.). In January of 2008, Russell filed a motion with the Fourth Circuit seeking leave to reopen his original 2001 § 2244 motion for leave to file a second or successive § 2255 motion. *See Docket In re Robert Peter Russell*, 01-603 (4th Cir.). In August of 2008, the Fourth Circuit denied that motion. *Id.*

In the meantime, in April of 2008, Russell filed a third petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. *See Russell v. Martinez,* 4:08-CV-00767 (M.D.Pa.). Russell framed this petition as a challenge based on the equitable powers of the court to correct fraud on the United States Court of Appeals for the Fourth Circuit by the government in connection with his 2001 application to file a second or successive § 2255 motion. *Russell v. Martinez,* 325 F. App'x. 45 (3d Cir. 2009). He claimed that an assistant United States Attorney lied to the Fourth Circuit by falsely stating that certain evidence which Russell contended was exculpatory was in fact turned over to the defense during the trial. *Id.* at 46. The court denied that petition, and the Third Circuit dismissed Russell's appeal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

5

reasoning that Russell cannot raise a claim of fraud against the court in a habeas petition. *Id.* The Third Circuit also held that even if the fraud claim were construed as a claim challenging Russell's conviction, such a claim is not proper in a §2241 habeas petition because Russell does not fall within the safety value language of § 2255. *Id.* Russell then unsuccessfully sought to reopen the judgment in his original § 2255 proceedings. *United States v. Russell,* 432 F. App'x 276 (4th Cir. 2011).

In November of 2011, Russell submitted another motion to the United States Court of Appeals for the Fourth Circuit seeking leave to file a second or successive 28 U.S.C. § 2255 motion. Instead of filing Russell's motion at that time, the Clerk of the Fourth Circuit returned the motion to Russell with a letter that read:

> This acknowledges receipt by this court of your request for authorization to file a second or successive application for relief pursuant to 28 U.S.C. § 2244. In order for the court to consider your motion, the following documents are required as attachments to the § 2244 application:
> · a copy of the proposed § 2255 application you want to file in the district court if the Court of Appeals grants your motion;
> · all § 2255 applications you previously filed in any federal court challenging the judgment of conviction or sentence you now want to challenge;
> · all court opinions and orders disposing of the claims in your previous § 2255 applications that challenged the judgment of conviction or sentence you now want to challenge;
> · all magistrate judge's reports and recommendations issued in all previous § 2255 applications that challenged the judgment and conviction or sentence you now want to challenge.
> No further action will be taken on your request absent filing of the attachments. Your materials are being returned to you

6

> should you wish to use them in preparing your motion for authorization.

*Doc. 2-2* at 7. Russell resubmitted his motion stating that he is unable to provide all the documents requested because he is indigent, he does not have counsel, and due to his incarceration for the last 21 years, documents are unavailable to him. *Id.* at 8-11. He also requested appointment of counsel and a 30-day extension to time to submit his 28 U.S.C. § 2255 motion. *Id.* Then, on December 8, 2011, the Clerk of the Fourth Circuit docketed Russell's 28 U.S.C. § 2244 motion, and on December 30, 2011, the Fourth Circuit denied Russell's § 2244 motion. *Id.* at 16-17.

In December of 2012, Russell filed the current 28 U.S.C. § 2241 habeas petition—his fourth such petition in this court. He raises four claims: (1) the prosecution withheld material evidence favorable to his defense regarding the date the victim was last in telephone contact with her sister; (2) the prosecution withheld material evidence favorable to his defense regarding the fact that there was no inculpatory evidence found in the vehicle that the prosecution contended Russell used to transport his wife's dead body and the prosecution committed egregious misconduct by suggesting that there was inculpatory evidence in the vehicle and that Russell destroyed that evidence; (3) trial counsel was made ineffective by the prosecution's withholding of the material evidence favorable to

7

his defense; and (4) prosecutorial misconduct based on use of grand jury testimony that the prosecution knew was untrue.

**III. Discussion.**

A federal prisoner generally must use 28 U.S.C. § 2255 to collaterally attack his conviction or sentence on constitutional grounds. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002). He "can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention." *Manna v. Schultz,* 454 Fed.Appx. 31, 33 (3d Cir. 2010).

28 U.S.C. § 2255 establishes a one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). Also, before a second or successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

A motion under § 2255 is inadequate or ineffective only if "'some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the

8

prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971)(quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." *Id.* at 538. The petitioner has the burden of proving that the remedy afforded by § 2255 is inadequate or ineffective. *Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001).

"The "safety valve" provided under § 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." *Brown v. United States*, 413 F. App'x 514, 516 (3d Cir. 2011). In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a second or successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995), in which the Court held that a defendant may not be

9

convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime." *Dorsainvil,* 119 F.3d at 246-47 (quoting *Bailey,* 516 U.S. at 509). After the *Bailey* decision, the petitioner in *Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal. *Id.* at 247. The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion based on *Bailey* does not present a claim of newly discovery evidence or a claim based on a new rule of constitutional law—the two situations in which § 2255 may allow a second or successive § 2255 motion. *Id.* at 247-48. Therefore, such a motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. *Id*. at 248. The Third Circuit went on to hold, however, that although a prisoner may not file a second § 2255 motion based on *Bailey,* he may file a 28 U.S.C. § 2241 habeas corpus petition. *Id*. at 251. The Third Circuit cautioned, however, that its holding was narrow:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that

10

> of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.

*Id.*

The petitioners in *Dorsainvil* and similar cases were allowed to present their claims that they were imprisoned for conduct that the Supreme Court had determined is not illegal (actual innocence claim) in a § 2241 petition because they did not have a procedural opportunity to raise their claim in a § 2255 motion since they had filed a § 2255 motion prior to the *Bailey* decision and did not meet the requirements for filing a second § 2255 motion after *Bailey*. It was the fact that the petitioners in *Dorsainvil* and other similar cases did not have a procedural opportunity to raise their claims of actual innocence that led the courts in those cases to allow 28 U.S.C. § 2241 petitions. "In other words, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction can he avail himself of § 2241." *Donato v. Warden of U.S. Penitentiary*, 519 F. App'x 113 (3d Cir. 2013).

Russell has not demonstrated that § 2255 is an "inadequate or ineffective" remedy under the circumstances presented here. Russell does not challenge his conviction on the ground that an intervening change in the law has rendered his actions non-criminal. Rather, Russell raises claims that can be brought in a second

or successive § 2255 motion provided that he meets the requirements under the statute for doing so. Although Russell contends that § 2255 is inadequate because his motion for leave to file a second or successive petition was denied on the basis that he did not present certain documents required by a Local Rule of the Fourth Circuit, the record does not support that contention. Rather, although the Clerk of the Fourth Circuit initially returned Russell's motion to him, after Russell wrote back to the Clerk, the Clerk filed his motion, and the Fourth Circuit later denied his motion. And a § 2255 motion "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539.

Here, while Russell claims that there is new evidence of his innocence, Congress has provided a forum to present such a claim. Section 2255 provides that a petitioner may bring a second or successive § 2255 motion if the appropriate court of appeals certifies that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255(h)(1). Although the Fourth Circuit denied Russell's motion to file a second or successive § 2255 motion based on newly discovered evidence, that does not mean that § 2255 is

inadequate or ineffective.  A § 2241 habeas petition is not an additional or supplemental remedy to a § 2255 motion, and "a denial of permission to file a successive § 2255 motion, in itself, does not render § 2255 relief ineffective or inadequate." *Brown*, 167 F. Supp. 2d at 726-27.  Russell cannot use § 2241 to circumvent the requirements of 28 U.S.C. § 2255(h)(1):

> Indeed, the denial of permission to file a second or successive § 2555 motion divests a district court of jurisdiction to entertain another, similarly based, § 2255 motion. 28 U.S.C. § 2244(a). Furthermore, a decision by the court of appeals denying permission to file a second or successive application is not appealable. 28 U.S.C. § 2244(b)(3)(E). To allow a person to file a collateral challenge in the district of confinement that is barred in the sentencing court would render nugatory these congressional attempts to promote finality in criminal cases.

*Id.*

Finally, Russell argues that, if the court construes § 2255 as barring his application for a writ of habeas corpus, § 2255 constitutes a suspension of the writ in violation of the Suspension Clause and violates his due process and Eighth Amendment rights.  "It is, of course, well established that requiring a federal prisoner to pursue post-conviction relief in the trial court under § 2255, rather than in a habeas proceeding under § 2241, where that remedy is adequate and effective does not constitute a suspension of the writ." *United States v. Brooks,* 245 F.3d 291, 292 n.2 (3d Cir. 2001)(citing *United States v. Anselmi,* 207 F.2d 312, 314 (3d Cir. 1953)).  Neither do the gatekeeping provisions limiting § 2255 motions violate

the Suspension Clause. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996)(holding that the statutory restrictions placed on filing second habeas petitions by state prisoners [which are similar to the limits on filing second or successive § 2255 motions] do not amount to a suspension of the writ contrary to Article 1, §9); *Swain v. Pressley,* 430 U.S. 372, 381 (1977) (holding that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus"); *Santiago v. Lamanna*, 99 F. App'x 417, 419 (3d Cir. 2004)("It is unambiguous that § 2255 and the other gatekeeping provisions of AEDPA pass constitutional muster."). Given our conclusion that § 2255 is not inadequate or ineffective in the circumstances of this case, Russell's argument that § 2255 violates the Suspension Clause, the Due Process Clause, and the Eighth Amendment is without merit.

In sum, because 28 U.S.C. § 2255 is not inadequate or ineffective to test the legality of his detention, Russell may not resort to habeas corpus to present his claims. So, we will recommend that the petition for a writ of habeas corpus be dismissed.

**IV. Recommendation.**

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of September, 2013.

                                            *S/Susan E. Schwab*
                                            Susan E. Schwab
                                            United States Magistrate Judge