IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT P. RUSSELL, | : | |
| Plaintiff, | : | 12-cv-02484 |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONNIE HOLT | : | |
| Respondent | : | Hon. John E. Jones III |
| | : | |

# **MEMORANDUM**

## **February 24, 2014**

Presently pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Susan E. Schwab (Doc. 17) recommending that Robert P. Russell's ("Petitioner") petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be dismissed. Petitioner has filed objections to the R&R to which the Respondents have replied. (Docs. 22, 24, & 27). Accordingly, the R&R is ripe for our review. For the reasons articulated herein, we shall adopt the Magistrate Judge's recommendation, but on grounds that differ from those expressed by the Magistrate Judge.

I.   **STANDARD OF REVIEW**

Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. *Supinksi v. United Parcel Serv.*, Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id*. (citing *Shields v. Astrue*, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008).

II.   **BACKGROUND**

Because we write for the benefit of the parties, we shall dispense with supplying a detailed recitation of the complex procedural history herein, but shall refer the reader to pages 1 to 8 of Magistrate Judge Schwab's R&R. (Doc. 17 pp. 1 - 8).[1]

---

[1] The parties do not dispute Magistrate Judge Schwab's summary of the history of this case save for one point. The parties disagree about whether the Fourth Circuit conducted a merits review of the Petitioner's motion to file second or successive § 2255 petition pursuant to 28 U.S.C. § 2244. The Petitioner asserts his motion was denied due to his failure to comply with Fourth Circuit Local Rule 22(d), which requires petitioners filing a motion under § 2244 to provide that court with certain attachments to their § 2244 application. The Respondent asserts that the Fourth Circuit did conduct a merits review of the Petitioner's writ of habeas corpus petition. We shall discuss our impressions of this disputed aspect of the procedural history infra.

## III. DISCUSSION

### A. Applicable Law

Prior to providing our analysis of the R&R, for the sake of completeness we shall first supply a brief summary of both 28 U.S.C. § 2255 and § 2241. It is well settled that a federal prisoner generally must use a motion made pursuant to 28 U.S.C. § 2255 to attack a conviction or sentence. *Okereke v. United States*, 307 F. 3d 117, 120 (3d Cir. 2002). The most common issue raised by petitioners in § 2255 motions is ineffective assistance of counsel. However, § 2255 motions can also be used to challenge other constitutional or statutory violations that a petitioner could not have raised on direct appeal. Notably, federal prisoners are limited by statute to the filing of only one § 2255 motion. A second or successive § 2255 motion can only be heard if leave is granted by the Court of Appeals of the Circuit where the district court is located. Before a second or successive § 2255 motion may be considered by the district court, it must be certified by a three-judge panel of the appropriate court of appeals to contain:

> (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

<§ 2255(h).

In certain circumstances federal prisoners can seek habeas relief under 28 U.S.C. § 2241 as an alternative to § 2255. A petitioner "can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention." *Mamma v. Schultz*, 454 Fed.Appx. 31, 33 (3d Cir 2010). A motion under § 2255 is inadequate or ineffective only if "some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971). "It is the inefficacy of the remedy, not the personal inability to utilize it, which is determinative." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). The Third Circuit has recognized the following exceptions to § 2255 that allow a federal prisoner use § 2241: "when a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed not criminal due to a change in the law," *In re Dorsainvil*, 119F. 3d 245 (3d Cir. 1997); a claim of actual innocence; or a miscarriage of justice. *Bousley v. United States*, 523 U.S. 624 (1998). In the matter *sub judice,* Petitioner is attempting to use § 2241 as an alterative to § 2255.

**B. Analysis of R&R**

We now turn to an analysis of the Magistrate Judge's R&R and the Petitioner's objections thereto. In the R&R, the Magistrate Judge determined that because Petitioner did not meet the *Dorsainvil* exception, he cannot utilize § 2241 to attack his conviction and sentence. Thus, she recommends dismissal of the petition. In his objections, Petitioner argues that the Magistrate Judge too narrowly applied the exceptions of § 2255 in rendering of her recommendation. Petitioner asserts that there are other exceptions to § 2255, including his claim of actual innocence or the prevention of a miscarriage of justice that saves his petition from dismissal. *Bousley*, 523 U.S. at 614.

Even though the Petitioner claims that he has new evidence to prove actual innocence, we find, based on our review of the record before us that the Petitioner fails to prove that § 2255 is inadequate or ineffective to test the legality of his detention. The Petitioner freely admits that he did not supply all the required attachments when he has filed his motion to file a second or successive petition § 2255 petition with the Fourth Circuit because he was incarcerated and he did not have counsel to assist in compiling the proper paperwork. Moreover, based in the record before us we cannot tell whether the Fourth Circuit dismissed the Petitioner's second or successive § 2255 petition due to his non compliance with

the Fourth Circuit's Local Rule requiring all attachments to be present with a § 2244 application or whether the Fourth Circuit dismissed the motion on the merits. Without this information, we cannot determine whether the Petitioner was prevented from filing a second or successive § 2255 motion based on a merits analysis or simply because Petitioner failed to conform his submission to the Fourth Circuit's Local Rules. Therefore, at this time, we cannot determine that § 2255 is inadequate or ineffective as to Petitioner.

In our view, the best course of action in this case is to dismiss the instant § 2241 petition without prejudice. This way the Petitioner can file a new, complete motion to file a second or successive § 2255 motion to the Fourth Circuit with the help of his newly acquired counsel. If the Fourth Circuit denies Petitioner's request on the merits, then the Petitioner may re-file a § 2241 with this Court.[2] An appropriate order shall issue.

---

[2] We do not offer any opinion whatsoever as to whether a refiled § 2241 petition would be successful, but Petitioner is not barred from filing it in the event the Fourth Circuit renders an adverse ruling on his § 2255 motion.